**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

JT'S LUMBER COMPANY, LLC d/b/a
JT'S LUMBER,
Plaintiff,

v. Civil Action No. 06-351S

MICCO CONSTRUCTION, LLC,
Defendant.

## AMENDED ANSWER and COUNTERCLAIM

Defendant, MICCO Construction, LLC, by and through its undersigned counsel, hereby answers Plaintiff's Complaint, dated July 7, 2006, as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegation set forth in paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegation set forth in paragraph 3 of Plaintiff's Complaint.

### First Affirmative Defense

The merchandise delivered to the Defendant, and out of which Plaintiff's Complaint arises, was non-conforming and/or failed to meet bargained-for specifications and/or express warranties.

### Second Affirmative Defense

In that the merchandise delivered to the Defendant, and out of which Plaintiff's Complaint arises, was non-conforming and/or failed to meet bargained-for specifications and/or express warranties, Defendant asserts the defense of failure of consideration.

### Third Affirmative Defense

In that the merchandise delivered to the Defendant, and out of which Plaintiff's Complaint arises,

failed to meet bargained-for specifications and/or express warranties, Defendant was entitled to accept the merchandise and make necessary alterations and repairs to the non-conforming goods in order to make them reasonably fit for the purposes intended.

**Fourth Affirmative Defense**

Defendant asserts that Plaintiff's merchandise failed to comply with the implied warranty of merchantability imposed by Rhode Island General Laws 6A-2-314.

**Fifth Affirmative Defense**

Defendant asserts that Plaintiff's merchandise failed to comply with the implied warranty of fitness for a particular purpose imposed by Rhode Island General Laws 6A-2-315.

**Sixth Affirmative Defense**

Defendant asserts Plaintiff's breach of contract as a defense.

**Seventh Affirmative Defense**

Defendant asserts the right, under Rhode Island General Laws 6A-2-718, to deduct all damages resulting from Plaintiff's breach of contract from the price of the merchandise allegedly delivered by Plaintiff.

**Eighth Affirmative Defense**

Defendant asserts the right to a set-off for the amount Defendant incurred in back-charges resulting from Plaintiff's breach of contract and/or Plaintiff's delivery of non-conforming merchandise.

WHEREFORE, Defendant demands judgment against the Plaintiff dismissing the Complaint herein, together with the costs and disbursements of this action and any other relief that the Court deems just and proper.

**Defendant's Counterclaim**

1. Merchandise delivered by Plaintiff, JT's Lumber Company, LLC, to Defendant, Counterclaimant, MICCO Construction, LLC was non-conforming and/or failed to meet bargained-for specifications, and/or failed to comply with express warranties and/or failed to comply with implied warranties of fitness and merchantability.
2. Plaintiff is liable to Defendant for breach of contract.
3. Defendant incurred substantial expenditures and obligations which were reasonably necessary to remedy and cure the problems caused by Plaintiff's defective and nonconforming merchandise and because of Plaintiff's breach of contract.
4. Plaintiff owes Defendant for back charges reasonably incurred in the course of remedying Plaintiff's breach of contract and curing Plaintiff's nonconforming, defective merchandise.
5. Defendant, Counterclaimant is entitled to recover damages for breach from Plaintiff as authorized by Rhode Island General Laws 6A-2-714 (1),(2) & (3).
6. Defendant, Counterclaimant is entitled to recover incidental and consequential damages from Plaintiff as authorized by Rhode Island General Laws 6A-2-715.
7. Defendant, Counterclaimant is entitled to damages from Plaintiff for "cover" as authorized by Rhode Island General Laws 6A-2-712.
8. Defendant, Counterclaimant is entitled to all of the remedies generally accorded by Rhode Island General Laws 6A-2-711.
9. Defendant, Counterclaimant is entitled to recover from Plaintiff its reasonable attorneys fees in accordance with Rhode Island General Laws 9-1-45.

Wherefore, Defendant, Counterclaimant, MICCO Construction, LLC demands Judgment against Plaintiff JT's Lumber Company, LLC for all damages sustained by it, plus interest, costs and reasonable attorneys fees, and such other relief as this Honorable Court deems fit.

**MICCO Construction, LLC demands trial by jury in the Defense of the claim brought by Plaintiff and in the prosecution of its own Counterclaim in this action**

Defendant,
Micco Construction, LLC
By its Attorneys,

HANSON CURRAN LLP

/S/ James T. Murphy

James T. Murphy, Esq. #1698

/S/ Nicholas R. Mancini

Nicholas R. Mancini, Esq. #7100
146 Westminster Street
Providence, RI 02903
(401) 421-2154
(401) 521-7040 - fax

CERTIFICATION

I, hereby certify that on this 4th day of August, 2006, I mailed a true and exact copy of the within to **Alexander G. Walsh, Esq., 366 Thames Street, P.O. Box 755, Newport, RI, 02840.**

/S/ James T. Murphy

of Hanson Curran LLP